IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00393-CMA-KLM

SHON MONTEZ,

    Plaintiff,

v.

TRAVIS HACZINSKI, an EMT at Englewood FCI,
FIVE JOHN/JANE DOES, Medical Staff at Englewood or Florence BOP facilities,
THOMAS G. KRAUS, M.D., at Englewood FCI,
CHARLIE KUDLAUSKAS, P.A. at Englewood FCI, and
PERCIVAL URBANO, MLP, at Englewood, Colorado FCI,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Dismiss** [Docket No. 24; Filed July 22, 2011] (the "Motion"). Plaintiff filed a Response in opposition to the Motion on August 4, 2011 [Docket No. 26], and Defendants did not file a Reply. The Motion is ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1C(3), the Motion has been referred to this Court for recommendation [Docket No. 25]. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

### I. Factual and Procedural Background

Plaintiff, who proceeds in this matter *pro se*, is a federal prisoner presently incarcerated at the Federal Prison Camp in Florence, Colorado. Plaintiff brings this lawsuit

1

pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) to address the medical care he received while incarcerated at the Federal Correctional Institution ("FCI") in Englewood, Colorado. Plaintiff presents one claim asserting that the Defendants were deliberately indifferent to his "serious and painful medical problem," referring to "severe pain in [his] shoulders," in violation of the Eighth Amendment. *Compl.*, Docket No. 1 at 4-5. Plaintiff attests that, beginning in April 2009, he sought medical care for his shoulder pain from the FCI clinic.[1] *Id.* at 4. During the first visit, Defendant Urbano instructed Plaintiff to purchase over-the-counter ("OTC") pain medication from FCI's commissary. *Id.* Plaintiff explains that the OTC medication "did nothing to abate the pain." *Id.* Thus, Plaintiff went to the clinic to again see Defendant Urbano on May 5, 2009, who prescribed "shoulder ROM exercises, hot compresses to areas, and OTC pain reliever as needed." *Id.* Plaintiff saw Defendant Urbano for a third visit on June 24, 2009, who, at that time, "suggested evaluation by Dr. Weingarten, an outside orthopedic doctor." *Id.*

Plaintiff recounts that Dr. Weingarten "wanted an MRI don [sic] if nothing improved," after reviewing an X-ray that "showed no damage but arthritis." *Id.* Additionally, Dr. Weingarten "urged prescription for anti-inflamitory [sic] drug," due to Plaintiff's "upset stomach" resulting from the OTC medication. *Id.* Plaintiff alleges that Defendants, to date, have not approved an MRI or provided Plaintiff with anti-inflammatory drugs. *Id.* Plaintiff contends that "[t]he pain and inability to perform normal tasks" as a result of his shoulder

---

[1] For the purposes of resolving the Motion to Dismiss, the Court takes as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

pain continues, to date. *Id.* Plaintiff requests injunctive relief and compensatory and punitive monetary damages. *Id.* at 9.

Defendants responded to Plaintiff's Complaint with the Motion at issue [Docket No. 24]. Defendants assert that they are entitled to qualified immunity from Plaintiff's claims. *Motion*, Docket No. 24 at 11. Defendants proffer three primary arguments: 1) Plaintiff fails to state an Eighth Amendment claim; 2) Plaintiff fails to allege adequate personal participation by each named Defendant; and 3) the portion of Plaintiff's claim premised on supervisory liability fails as a matter of law. *See Motion*, Docket No. 24. Defendants further contend that, if Plaintiff's Complaint can be construed against Defendants in their official capacities, such claim is precluded by sovereign immunity. *Id.* at 15.

In his Response, Plaintiff argues that he has complied with Fed. R. Civ. P. 8 by providing a short and plain statement of his claim in the Complaint. *Response*, Docket No. 26 at 1-2. Plaintiff believes that, because he is not represented by counsel, he may not be held to the pleading standard articulated by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009). *Id.* at 2. Plaintiff points out that the case law relied upon by Defendants considered a motion for summary judgment, as opposed to a motion to dismiss, which is a less stringent standard and should be applied here. *Id.* Plaintiff reiterates his allegation that, "after one and one-half years of repeated complaints about severe pain, Dr. Weingarten's prescription for anti-inflamatory [sic] drugs and for an MRI . . . have been deliberately ignored by Defendants." *Id.*

Plaintiff adds information regarding the extent of his shoulder pain in his Response, explaining that Defendant Urbano "acknowledged that there was a 'rotator tear.'" *Id.*

Plaintiff asserts that Dr. Weingarten recommended the MRI in the first instance to evaluate whether Plaintiff has "rotator cuff syndrome." *Id.* Plaintiff thus argues that Defendants considered the seriousness of Plaintiff's medical need and still failed to act. *Id.* Plaintiff contends that Defendants knew of his "barely tolerable pain and limitation of movement," yet denied and delayed the treatment "verified by Dr. Weingarten." *Id.* at 3. Plaintiff believes that Defendants are therefore not entitled to qualified immunity. *Id.*

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). Plaintiff is incorrect in his assertion that, as a *pro se* litigant, he is not subject to the pleading standard articulated by the United States Supreme Court in *Twombly* and *Iqbal*, and Plaintiff's reliance on *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing to *Twombly*) is not contrary to the standard stated herein.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero*, 510 F.3d at 1200 ("The complaint must plead sufficient facts, taken as true, to

provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 129 S. Ct. at 1950 (quotation marks and citation omitted).

When considering Plaintiff's Complaint [Docket No. 1] and Response [Docket No. 26], the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

### A. Qualified Immunity

Defendants assert an entitlement to qualified immunity in their Motion, thus the Court will first examine whether Plaintiff's Complaint passes muster pursuant to Fed. R. Civ. P. 12(b)(6). *Butler v. Rio Rancho Public Schools Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003) ("Since the [Defendant] raised the defense of qualified immunity in its motion to dismiss, we first examine whether [Plaintiff] asserted a violation of federal law in their complaint."); *see also Motion*, Docket No. 24 at 11. Qualified immunity, in certain circumstances, protects government officials from litigation when they are sued in their individual capacities.[2] *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 814-18 (1982). "[G]overnment officials . . . generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. In their Motion, Defendants argue that Plaintiff has not sufficiently alleged the personal participation requisite for a *Bivens* suit, nor has he stated a plausible violation of his Eighth Amendment constitutional right to appropriate medical care. *See Motion*, Docket No. 24.

---

[2] Plaintiff does not identify whether he sues Defendants in their individual or official capacities. The Court evaluates whether Plaintiff fails to state a claim upon which relief may be granted against Defendants in their individual capacities. To the extent that Plaintiff fails to establish the violation of a constitutional right, assuming Plaintiff has also asserted claims against Defendants in their official capacities, such a claim should also be dismissed, as further explained below. *Dawson v. Johnson*, 266 F. App'x 713, 715-17 (10th Cir. 2008) (unpublished) (holding that dismissal of both official and individual capacity claims against an individual is appropriate where plaintiff failed to show particular defendant violated plaintiff's constitutional rights); *Ajaj v. Fed. Bureau of Prisons*, No. 08-cv-02006-MSK-MJW, 2011 WL 902440, at *4 n.6 (D. Colo. Mar. 10, 2011) (unpublished) (same).

A government official is entitled to qualified immunity from liability for civil damages when his or her allegedly unlawful conduct did not violate any of the plaintiff's statutory or constitutional rights that (1) were "clearly established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position. *Harlow*, 457 U.S. at 818 (stating that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that although qualified immunity determination involves a two-part inquiry, if the plaintiff fails either inquiry reviewed in any order, no further analysis need be undertaken and qualified immunity is appropriate). The Supreme Court has stated that "[f]or executive officials in general . . . our cases make plain that qualified immunity represents the norm." *Id.* at 807. Thus, a government official is entitled to qualified immunity in "[a]ll but the most exceptional cases." *Harris v. Bd. of Educ. of the City of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

As further explained below, the Court concludes that Plaintiff fails to state a cognizable constitutional violation against any of the named Defendants. Plaintiff's claim, in essence, requests relief based on a difference in opinion between an outside doctor and the prison medical staff. Such difference of opinion does not constitute an Eighth Amendment violation as a matter of law (even if it may constitute medical malpractice). Therefore, the Court recommends finding that Plaintiff has not pled a plausible violation of his Eighth Amendment rights, and Defendants are entitled to qualified immunity.[3]

---

[3] The Court proceeds to evaluate the merits of Plaintiff's claim assuming, *arguendo*, that Plaintiff properly pleads personal participation on part of all named Defendants. Facts which speak

## B. Failure to State a Plausible Eighth Amendment Claim

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. Punishments which "involve the unnecessary and wanton infliction of pain" violate this provision. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Because "[a]n inmate must rely on prison authorities to treat his medical needs," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment," *id.* at 104 (quoting *Gregg*, 428 U.S. at 173). To prove a claim of deliberate indifference, a prisoner must establish that (1) he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) the defendant knew of and disregarded "an excessive risk to [the prisoner's] health or safety," *id.* at 837.

Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Ramos v. Lamm*, 639

---

to a party's personal participation are essential to stating a *Bivens* claim against an individual. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (recognizing that "direct personal participation [is] required to establish *Bivens* liability"), abrogated on other grounds by *Jones v. Bock*, 549 U .S. 199 (2007); *see also Iqbal*, 129 S. Ct. at 1952 ("[Defendants] cannot be held liable unless they themselves acted . . . ."); *Arocho v. Nafziger*, 367 F. App'x 942, 956 (10th Cir. 2010) (unpublished) ("The traditional standard for supervisory liability in this circuit 'requires allegations of personal direction or of actual knowledge and acquiescence' in a subordinate's unconstitutional conduct."). As explained herein, even if Plaintiff adequately pled personal participation (which Defendants do not concede), the complained-of conduct does not state a violation of the Eighth Amendment. Thus, the defendants actually providing care (Urbano and Kudlauskas) and their supervisors (Haczynski and Kraus) are entitled to qualified immunity.

F.2d 559, 575 (10th Cir. 1980).  Further, a prisoner does not have a valid claim of deliberate indifference simply because he was denied "a particular course of treatment" that he desired.  *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006).  "[A] prison doctor remains free to exercise his or her independent professional judgment," *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview," *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107).

Here, Defendants contest Plaintiff's characterization of his shoulder pain as sufficiently serious for the implication of the Eighth Amendment.  *Motion*, Docket No. 24 at 5-6.  A medical need is sufficiently serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Ramos*, 639 F.2d at 575 (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.C.N.H. 1977)).  Plaintiff asserts that Defendant Urbano, a physician's assistant, referred him to Dr. Weingarten, "an outside orthopedic doctor," for evaluation of his shoulder.  *Compl.*, Docket No. 1 at 4; *see also Motion*, Docket No. 24 at 2.  These allegations meet the objective prong of the deliberate indifference evaluation, as Plaintiff claims that the prison's own medical staff believed that his shoulder condition was serious enough to require evaluation by an orthopedic specialist.  Thus, the Court recommends finding that Plaintiff plausibly pleads the objective element required for an Eighth Amendment claim.

9

Regarding the subjective prong, the Court considers whether Defendants intended the deprivation, i.e., acted with deliberate indifference to the harm that could result. *See Farmer*, 511 U.S. at 837. The subjective element can only be proved by showing that Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind. *See id.* A defendant knew of and disregarded an excessive risk to a prisoner's health or safety when he or she was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," *and* he or she actually drew that inference. *Id.*

As referred to above, an inmate's difference of opinion concerning the medical treatment that he receives or does not receive does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). A "prisoner's right is to medical care–not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted).

The essence of Plaintiff's case is that a specialist recommended a certain course of treatment for Plaintiff's shoulder, and Defendants have not carried out the recommendation. Plaintiff asserts that Defendants did not satisfactorily perform their duties given their failure to provide him with an MRI and anti-inflammatory drugs (separate from OTC medication), as "urged" by Dr. Weingarten. *Compl.*, Docket No. 1 at 4. Notably, Plaintiff contends Dr. Weingarten's instruction for an MRI was contingent on whether Plaintiff's shoulder condition improved, which the Court construes as a subjective evaluation, not a concrete directive by an outside doctor. *Id.* By Plaintiff's own admission, Defendant Urbano (and, subsequently, Defendant Kudlauskas) provided medical treatment

to Plaintiff in the form of OTC medication, instructions for shoulder exercises, and a directive to apply hot compresses. *Id.* Thus, Plaintiff received medical attention and treatment from the FCI's medical staff, albeit not the treatment he believes was due.

"[S]uch a difference of opinion amounts to a medical malpractice claim . . . [which] cannot be the basis for a federal [*Bivens*] action. . . . [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his medical injury based upon a disagreement about the level of care he received for that injury did not state an Eighth Amendment claim). *See also Bradshaw v. Lappin*, No. 08-cv-02542-PAB-KLM, 2010 WL 908925 (D. Colo. Mar. 11, 2010) (allegations that medical treatment recommended by non-prison medical personnel was not implemented by prison medical staff failed to state an Eighth Amendment claim); *Bastian v. Fortunato*, No. 08-cv-00489-REB-MEH, 2008 WL 4717469 (D. Colo. Oct. 24, 2008) (allegations that prison medical staff deliberately refused to follow instructions of non-prison medical staff failed to state an Eighth Amendment claim). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice and as such the proper forum is the state court . . . ." *Estelle*, 429 U.S. at 107; *see also Ankeney v. Hartley*, No. 09-cv-02085-CMA-MJW, 2010 WL 2004778 (D. Colo. May 19, 2010) (extending *Estelle* conclusion regarding a medical decision not to order an X-ray to a decision not to order an MRI). Therefore, in consideration of the above-stated precedent, the Court concludes that Plaintiff fails to state a plausible violation of his Eighth Amendment rights, and the claim against Defendants in

their individual capacities should be dismissed.

### C. Suit Against Defendants in their Official Capacities

As stated, Plaintiff does not identify whether he sues Defendants in their individual or official capacities. The analysis articulated above applies to Defendants in their individual capacities. Regarding Defendants' official capacities, if Plaintiff's Complaint could be construed to make such claim, the claim is precluded by sovereign immunity.

Although *Bivens* creates "an implied private action for damages" against federal officers, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001), "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001); *see also Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1247 (10th Cir. 1989) (holding that the doctrine of sovereign immunity bars *Bivens* claims against federal officials in their official capacities). "Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Perrill*, 275 F.3d at 963 (citation omitted). Further, such a suit for damages against the United States is barred by sovereign immunity unless immunity has been waived. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)). Therefore, because the doctrine of sovereign immunity bars *Bivens* actions brought directly against the United States, the Court lacks subject-matter jurisdiction to hear official-capacity *Bivens* claims for damages. *See Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997) (noting that when "the United States retains its sovereign immunity . . . the district court lacks subject matter jurisdiction to hear the suit"); *Perrill*, 275 F.3d at 962 (noting that an "'official capacity *Bivens* suit' would be an oxymoron").

Accordingly, Plaintiff's *Bivens* claim for monetary damages against Defendants in their official capacities is barred by sovereign immunity, and the Court therefore lacks subject-matter jurisdiction to hear this claim. *See id.*

Unlike claims for money damages against federal officials in their official capacities, the doctrine of sovereign immunity does not bar Plaintiff's claim against Defendants for injunctive relief from alleged constitutional violations. *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (holding that sovereign immunity does not bar an action against federal prison officials for injunctive relief from alleged constitutional violations). However, in order to establish his entitlement to this form of relief, Plaintiff's Complaint must include sufficient factual allegations to state a claim for an Eighth Amendment violation. *Abu-Fakher v. Bode*, 175 F. App'x 179, 181 (10th Cir. 2006) (unpublished). As set forth above, the Court concludes that Plaintiff's Complaint does not adequately state a claim for an Eighth Amendment violation. Therefore, because the Court recommends finding that Plaintiff's Eighth Amendment claim must ultimately be dismissed, Plaintiff's claim for injunctive relief should also necessarily be dismissed. *See Blevins v. Reid*, No. 06-cv-00969-MSK-KMT, 2008 WL 2428941, at *11 (D. Colo. June 12, 2008) (unpublished).

## IV. Recommendation for Dismissal

Accordingly, the Court respectfully **RECOMMENDS** finding that Plaintiff fails to plead a plausible violation of the Eighth Amendment and thus, Defendants are entitled to qualified immunity.

IT IS FURTHER **RECOMMENDED** that Defendants' Motion [Docket No. 24] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.[4]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

---

[4] The dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *accord Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *Tepper v. Van Dam*, 974 F.2d 1345, 1992 WL 219037, at *3-4 (10th Cir. 1992) (unpublished table decision) (relying on *Okusami*, *Brierly*, and *Cortec* to affirm dismissal of an action with prejudice). However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997))). Even as courts are careful to protect the rights of *pro se* plaintiffs, they typically find that granting the opportunity to amend would be futile. *See, e.g., Arocho*, 367 F. App'x at 955 (describing a set of circumstances under which giving a plaintiff an opportunity to amend his complaint would not be futile as "unique"); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise *substantial* issues" (emphasis added)); *but see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." (citations omitted)).

Here, no amendment to Plaintiff's Complaint would change the fact that prison medical staff are free to exercise their judgment in prescribing a certain course of medical treatment, so long as they do not disregard known, excessive risks to Plaintiff's health. Thus, no amendment to the Complaint could alter Defendants' entitlement to qualified immunity.

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 26, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge