**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00393-CMA-KLM

SHON MONTEZ,

    Plaintiff,

v.

TRAVIS HACZINSKI, an EMT an Englewood FCI,
FIVE JOHN/JANE DOES, Medical Staff at Englewood or Florence BOP Facilities,
THOMAS G. KRAUS, M.D., at Englewood FCI,
CHARLIE KUDLAUSKAS, P.A. at Englewood FCI, and
PERCIVIL URBAN, MLP, at Englewood, Colorado FCI,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING SEPTEMBER 26, 2011 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Kristen L. Mix, pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  On September 26, 2011, the Magistrate Judge issued a Recommendation (Doc. # 28) concerning Defendants' Motion to Dismiss (Doc. # 24.)  The Magistrate Judge recommended that Defendants' Motion be granted and the case be dismissed with prejudice.

In this case, Plaintiff brought one claim, asserting that Defendants were deliberately indifferent to his "serious and painful medical problem," referring to "severe pain in [his] shoulders," in violation of the Eighth Amendment.  (Doc. # 1 at 4-5.)  To prove a claim of deliberate indifference, a prisoner must establish that (1) he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994), and (2) the defendant knew of and disregarded "an excessive risk to [the prisoner's] health or safety," *id.* at 837.  The Magistrate Judge concluded that Plaintiff alleged sufficient facts to plausibly plead the objective element of a deliberate indifference Eight Amendment claim, but failed to prove the subjective element, *i.e.*, that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety.

On October 12, 2011, Plaintiff, proceeding *pro se*, filed timely objections to the Recommendation.  (Doc. # 30.)  When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommen-dation] that has been properly objected to." Fed. R. Civ. R. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Accordingly, the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, and Plaintiff's Objections to the Recommendation.

## I. ANALYSIS

In his objections, Plaintiff asserts that Magistrate Judge Mix applied an improper standard by not taking into account his *pro se* status, and subjecting his complaint to the heightened pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*. Although the Court is required to construe the filings of a *pro se* litigant liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *pro se* litigants must follow the same

procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). There is no merit to Plaintiff's argument that he is exempt from the pleading standards merely because he is proceeding *pro se*. *See, e.g.*, *Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010) (applying *Twombly* and *Iqbal pleading* standards to *pro se* complaint).

Plaintiff also objects to the Magistrate Judge's recommendation that Plaintiff should be denied leave to amend his complaint. The Tenth Circuit has instructed that dismissal of a *pro se* complaint should ordinarily "be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." *Id.* at 1186. However, a court "may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). As the Magistrate Judge stated, "no amendment to Plaintiff's Complaint would change the fact that prison medical staff are free to exercise their judgment in prescribing a certain course of medical treatment, so long as they do not disregard known, excessive risks to Plaintiff's health." (Doc. # 28 at 15 n.4.) Thus, dismissal with prejudice is appropriate because amendment would be futile.[1]

---

[1] Plaintiff also objects to the Recommendation on the grounds that he adequately plead the subjective element of his Eighth Amendment deliberate indifference claim. Plaintiff, however, merely rehashes the arguments made in his response to the motion to dismiss, without informing the Court of any legal or factual errors made by the Magistrate Judge. The Court agrees with the Magistrate Judge that Plaintiff did not adequately plead the subjective element of a deliberate indifference claim for the reasons set forth in the Magistrate Judge's thorough and comprehensive Recommendation. (*See* Doc. # 28 at 10-12.)

4

Based on the Court's *de novo* review, this Court concludes that the Magistrate Judge's analyses and recommendations are correct. Therefore, Plaintiff's Objections are OVERRULED and the Court hereby ADOPTS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is ORDERED that:

(1)   Defendants' Motion to Dismiss (Doc. # 24) is GRANTED; and

(2)   This case is DISMISSED WITH PREJUDICE.

DATED:  October __14__, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge